UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **14-20710**-CR-COOKE / TORRES

18 U.S.C. § 1349
18 U.S.C. § 1956
18 U.S.C. § 2
18 U.S.C. S 981(a)(1)(C)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 982(a)(7)

FILED by ___ D.C.
SEP 25 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

ANGEL MIRABAL
a/k/a Angel Mirabal Martinez,

      Defendant.

_____/

## INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

**The Medicare Program**

1.  The Medicare Program ("Medicare") was a federal "health care benefit program," as defined by Title 18, United States Code, Section 24(b), that provided medical benefits, items and services (collectively "services") to persons age 65 or older or with certain disabilities (hereinafter "beneficiaries").

2. Part B of the Medicare Program was a medical insurance program that covered, among other things, certain physician and outpatient services, and other health care benefits, items and services, including durable medical equipment ("DME"), that were medically necessary and ordered by licensed medical doctors or other qualified health care providers. DME is equipment that is designed for repeated use and for a medical purpose, such as wound care supplies.

3. In Florida, Medicare Part B's insurance concerning DME and related health care benefits, items, and services was administered by CIGNA Government Services (hereinafter "CIGNA"), pursuant to a contract with HHS. Among CIGNA's responsibilities, it received, adjudicated, and paid the claims of authorized DME suppliers that were seeking reimbursement for the cost of DME and other health care benefits, items, or services supplied or provided to Medicare beneficiaries.

**Medicare Billing Procedures**

4. A DME company that sought to participate in Medicare Part B and bill Medicare for the cost of DME and related benefits, items, and services was required to apply for and receive a "supplier number." The supplier number allowed a DME company to submit bills, known as "claims," to Medicare to obtain reimbursement for the cost of DME and related health care benefits, items, and services that a DME company had supplied to beneficiaries.

5. To receive payment from Medicare, a DME company, using its supplier number, would submit a health insurance claim form, known as a CMS-1500. Medicare permitted DME companies, or a designated third-party biller, to submit a CMS-1500

electronically or by way of a paper claim form. The CMS-1500 required DME companies to provide certain important information, including: (a) the Medicare beneficiary's name and identification number; (b) the identification number of the doctor or other qualified health care provider who ordered the health care benefit, item, or service that was the subject of the claim; (c) the health care benefit, item, or service that was provided or supplied to the beneficiary; (d) the billing codes for the benefit, item, or service; and (e) the date upon which the benefit, item, or service was provided or supplied to the beneficiary.

6. Medicare, through CIGNA, generally would pay a substantial portion of the cost of the DME or related health care benefits, items, and services that were medically necessary and ordered by licensed doctors or other licensed, qualified health care providers.

7. Payments under Medicare Part B were often made directly to the DME company rather than to the patient/beneficiary. For this to occur, the beneficiary would assign the right of payment to the DME company or other health care provider. Once such an assignment took place, the DME company would assume the responsibility for submitting claims to, and receiving payments from, Medicare.

8. If the DME company's Medicare claim was approved, a substantial portion of the total amount of the claim was paid either by check or by wire transfer to an account designated by the DME company.

9. Under Medicare rules and regulations, DME or other related health care benefits, items, or other services must be medically necessary and ordered by a licensed

doctor or other licensed, qualified health care provider in order to be reimbursed by Medicare.

**The Defendant and Relevant Entities**

10.     Quick Solutions Medical Supplies Inc. ("Quick Solutions"), was a corporation organized under the laws of the State of Texas on or about October 17, 2007, and purportedly did business at 2825 Wilcrest Drive, Suite 152, Houston, Texas 77042-3485. On or about February 5, 2009, Quick Solutions received Medicare Supplier Number 1487858957, authorizing Quick Solutions to submit claims to Medicare for DME-related benefits and services.

11.     On or about May 11, 2011, Defendant **ANGEL MIRABAL**, a resident of Miami-Dade County, acquired control and ownership of Quick Solutions and became its registered agent, president and manager.

12.     G.R. Services Equipment & Supplies, Inc. ("G.R. Services") was a corporation incorporated under the laws of the State of Florida on or about August 3, 2011, and purportedly did business at 7850 Ulmerton Road, Suite 1A, Largo, Florida 33771. G.R. Services was located in Pinellas County and purportedly provided DME to Medicare beneficiaries.

13.     **ANGEL MIRABAL** controlled J.M. General Distributions, Inc., a corporation organized under the laws of the State of Texas on or about August 18, 2010, and which purportedly did business at 3262 Westheimer Road, Houston, Texas 77098.

14. **ANGEL MIRABAL** controlled WRC Professional Services, Inc., a corporation organized under the laws of the State of Texas on or about August 18, 2010, and which purportedly did business at 448 West 19th Street, Houston, Texas 77008.

15. **ANGEL MIRABAL** controlled Dannen Corporation, a corporation organized under the laws of the State of Texas on or about August 18, 2010, and which purportedly did business at 5535 Memorial Drive, Houston, Texas 77007.

16. **ANGEL MIRABAL** controlled AMA Ultimate Medical Supply, a corporation organized under the laws of the State of Texas in or around 2008, and which purportedly did business at 2440 South Main Street, Stafford, Texas 77477.

<u>**COUNT 1**</u>
**Conspiracy To Commit Health Care Fraud and Wire Fraud**
**(18 U.S.C. § 1349)**

1. Paragraphs 1 through 16 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around April 2010 and continuing through in or around at least July 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANGEL MIRABAL,**

and his co-conspirators did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

a. To knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United

5

States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery and payment for health care benefits, items and services, in violation of Title 18, United States Code, 1347; and

    b.  To knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, sings, signals, pictures and sounds for purpose of executing such scheme and artifice, in violations of Title 18, United States Code, Section 1343.

## **PURPOSE OF THE CONSPIRACY**

  3.  It was a purpose of the conspiracy for **ANGEL MIRABAL** and his co-conspirators, known and unknown to the Grand Jury, to unlawfully enrich themselves by, among other things, (a) causing the submission of false and fraudulent claims to Medicare; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the Defendant and his co-conspirators.

## MANNER AND MEANS OF THE CONPSIRACY

The manner and means by which **ANGEL MIRABAL** and his co-conspirators sought to accomplish the purpose and object of the conspiracy included, among others, the following:

4. **ANGEL MIRABAL** and his co-conspirators established and controlled corporations, including Quick Solutions and G.R. Services, that purportedly provided DME supplies to Medicare beneficiaries, including beneficiaries who resided in Miami-Dade County, in the Southern District of Florida.

5. **ANGEL MIRABAL** and his co-conspirators submitted Medicare Enrollment Applications, Electronic Funds Transfer Agreements, and other documents and forms to Medicare identifying themselves as owners, officers, managers, and/or administrators of the corporations, including Quick Solutions and G.R. Services, for purposes of participating in the Medicare program and submitting false and fraudulent Medicare reimbursement claims, including claims relating to beneficiaries who resided in Miami-Dade County, in the Southern District of Florida.

6. **ANGEL MIRABAL** and his co-conspirators submitted and caused the submission of false and fraudulent Medicare reimbursement claims for health care benefits, items and services not provided by the corporations, including Quick Solutions and G.R. Services.

7. **ANGEL MIRABAL** and his co-conspirators misappropriated and unlawfully used unique identifying information of Medicare beneficiaries, located in

Miami-Dade County, in the Southern District of Florida and elsewhere, in the submission of false and fraudulent Medicare reimbursement claims.

8.  **ANGEL MIRABAL** and his co-conspirators established and controlled bank accounts for the corporations, including Quick Solutions and G.R Services, into which Medicare would deposit reimbursements based on the false and fraudulent claims, which reimbursements would then be transferred and disbursed.

9.  The conspiracy caused the submission of approximately $24 million in Medicare claims for DME-related reimbursement, such claims falsely and fraudulently representing that DME items and services were prescribed by a doctor and had been provided to Medicare beneficiaries, including beneficiaries who resided in Miami-Dade County, in the Southern District of Florida, of which approximately $3.5 million was paid by Medicare.

All in violation of Title 18, United States Code, Section 1349.

## COUNT 2
### Conspiracy to Commit Money Laundering
### (18 U.S.C. § 1956(h))

1.  Paragraphs 1 through 16 of the General Allegations section of this Indictment are realleged and incorporated by reference as though set forth fully herein.

2.  Beginning in or around April 2010 and continuing through in or around at least July 2013, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANGEL MIRABAL,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1956, that is, to knowingly conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in such financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

It is further alleged that the specified unlawful activity is conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 1349, health care fraud, in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 3-12
### Money Laundering
### (18 U.S.C. § 1956(a)(1)(B)(i))

1. Paragraphs 1 through 16 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. On or about the dates set forth below as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ANGEL MIRABAL,**

did knowingly conduct and attempt to conduct a financial transaction affecting interstate commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the proceeds of specified unlawful activity as set forth below:

| Count | Approximate Date of Transaction | Description of Financial Transaction |
|---|---|---|
| 3 | 05/30/2013 | The deposit of check number 1170, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $2,104. |
| 4 | 06/07/2013 | The deposit of check number 1183, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $4,216. |
| 5 | 06/14/2013 | The deposit of check number 1199, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $5,806. |
| 6 | 06/19/2013 | The deposit of check number 1214, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $7,021. |
| 7 | 06/26/2013 | The deposit of check number 1233, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $6,924. |
| 8 | 07/03/2013 | The deposit of check number 1259, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $7,641. |
| 9 | 07/08/2013 | The deposit of check number 1287, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $6,983. |

| Count | Approximate Date of Transaction | Description of Financial Transaction |
|---|---|---|
| 10 | 07/15/2013 | The deposit of check number 1303, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $5,034. |
| 11 | 07/25/2013 | The deposit of check number 1312, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $6,387. |
| 12 | 07/31/2013 | The deposit of check number 1331, drawn on G.R. Services's PNC Bank account ending in 5588, in the approximate amount of $6,902. |

It is further alleged that the specified unlawful activity is conspiracy to commit health care fraud in violation of Title 18, United States Code, Section 1349, health care fraud, in violation of Title 18, United States Code, Section 1347, and wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, Untied States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE

1. The allegations in this Indictment are realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which **ANGEL MIRABAL** has an interest.

2. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1347, as alleged in Count 1 of this Indictment, **ANGEL MIRABAL**, shall forfeit to the United States of America any property, real or personal, that constitutes or is

derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to Title 18, United States Code, Section 982(a)(7).

3. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1343 or 1347, as alleged in Count 1 of this Indictment, the defendant, **ANGEL MIRABAL**, shall forfeit to the United States of America any property, real or personal, which constitutes, or is derived from, proceeds traceable to the offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C), made applicable by Title 28, United States Code, Section 2461(c).

4. Upon conviction of a violation of Title 18, United States Code, Section 1956, as alleged in any of Counts 2 through 12 of this Indictment, the defendant, **ANGEL MIRABAL**, shall forfeit to the United States of America any property, real or personal, that is involved in the offense, or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1). Further, this sum may be sought as a forfeiture money judgment against the defendant.

5. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

All pursuant to Title 28, United States Code, Section 2461(c); Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1) and 982(a)(7); and the procedures set forth in Title 21, United States Code, Section 853.

A TRUE BILL.

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

_____
GEJAA GOBENA
DEPUTY CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
TIMOTHY P. LOPER
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| ANGEL MIRABAL, | **CERTIFICATE OF TRIAL ATTORNEY*** |
| a/k/a Angel Mirabal Martinez, | |
| **Defendant.** _____ / | Superseding Case Information: |

**Court Division:** (Select One)

| | | | | New Defendant(s) | Yes ____ | No ____ |
|---|---|---|---|---|---|---|
| _X_ | Miami | ____ | Key West | Number of New Defendants | ____ | |
| ____ | FTL | ____ | WPB ____ FTP | Total number of counts | ____ | |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)   _Yes_
   List language and/or dialect   _Spanish_

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                                (Check only one)

   I     0 to 5 days       _X_          Petty      ____
   II    6 to 10 days      ____         Minor      ____
   II    11 to 20 days     ____         Misdem.    ____
   IV    21 to 60 days     ____         Felony     _X_
   V:    61 days and over  ____

6. Has this case been previously filed in this District Court? (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ____ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ____ Yes   _X_ No

_____
TIMOTHY P. LOPER
DOJ TRIAL ATTORNEY
Court ID #A5502016

*Penalty Sheet(s) attached                                                                    REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   ANGEL MIRABAL, a/k/a Angel Mirabal Martinez

**Case No:** _____

Count #:   1

 18 U.S.C. § 1349

  Conspiracy to Commit Health Care Fraud and Wire Fraud

**\*Max Penalty**:   Twenty (20) years' imprisonment

Count #:   2

 18 U.S.C. § 1956(h)

  Conspiracy to Commit Money Laundering

**\*Max Penalty**:   Twenty (20) years' imprisonment

Counts #:   3 – 12

 18 U.S.C. § 1956(a)(1)(B)(i)

  Money Laundering

*Max Penalty:   Twenty (20) years' imprisonment as to each count

Count #:

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**